ROBERT J. HOGUET and Others, Appellants, v. EWALD MOMMER and Others, Respondents.

*Action for goods sold and delivered — proof of delivery — when a question for the jury.*

In an action brought to recover the value of goods alleged to have been sold and delivered to the defendants, it appeared that the delivery of the goods was made in the same way as that of other goods which had been at prior times delivered and had been subsequently paid for by the defendants.

*Held,* that, in the absence of evidence on the part of the defendants that the goods in controversy did not come into their possession, the plaintiffs were entitled to go to the jury on the question whether or not the goods were in fact delivered to the defendants.

APPEAL by the plaintiffs, Robert J. Hoguet and others, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 25th day of November, 1893, upon the dismissal of the complaint directed by the court after a trial at the New York Circuit before the court and a jury.

*John H. Mann,* for the appellants.

*S. B. Stiles,* for the respondents.

PARKER, J. :

Two causes of action are alleged in the complaint, the first for the recovery of $207.70 for goods sold and delivered, and the second for the recovery of $1,381.50 for goods sold and delivered.

At the close of plaintiffs' case the court dismissed the complaint, and on this appeal the plaintiffs seek only to reverse so much of the judgment as relates to the second cause of action.

The plaintiffs' contention on the trial was that their selling agent, Charles B. Boell, sold to one August Mahler, representing the defendants, certain goods which were in part delivered to Mahler for the defendants, and the residue to the defendants at their place of business. The learned trial judge reached the conclusion that the plaintiffs had not only failed to establish the agency of Mahler, but in addition that they had not succeeded in proving that any portion of the goods was delivered to the defendants. We agree with him in so far as he determined that the plaintiffs had failed to furnish any such evidence of the agency as would entitle them to recover on proof merely that they had sold and delivered goods to Mahler. But as to a portion of the goods we think there was such proof of delivery as to entitle the plaintiffs, in the absence of a denial of their receipt by the defendants, to go to the jury on that question. Mahler was described by plaintiffs' selling agent as a broker, who, finding a purchaser for certain goods, would buy them in the name of the customer to whom the goods would be delivered by the seller, accompanied by a bill. There was evidence that Mahler's brother was a member of defendants' firm, and that Mahler had or pretended to have an office at their place of business. On several prior occasions he ordered of plaintiffs' selling agent small quantities of goods for the defendants, which were delivered, not to him, but to them, and in due course paid for them by their check. Plaintiffs' selling agent knew that Mahler was not in the employ of the defendants ; and his general course of dealing with him makes it apparent that he well understood the necessity of a delivery to the defendants in order that their liability to respond should become assured. In the absence of the selling agent, however, Mahler succeeded in obtaining a delivery to himself of some portion of the goods which were the subject of the second cause of action, and as to them it was rightly held that there was no basis

for a recovery. But we think the court assumed that all of these goods were delivered to Mahler, and overlooked the fact that there was evidence tending to show that some portions of them were actually delivered to the defendants. April 29, 1891, the plaintiffs' agent claims to have delivered to the defendants some goods in the same manner as on previous occasions, which had resulted in checks from the defendants for the value of the goods delivered as per bill accompanying them. Touching the delivery, James Campbell, plaintiffs' truckman, who had delivered other goods to the defendants for plaintiffs purchased under similar circumstances, testified: " A. In the first place I went to Boell's; I called up the hatch to the porter if he had anything to go out; he said ' Yes, I have a case to deliver to E. Mommer & Co.' 'All right; send it down.' It comes down in the elevator and I take it down. I drive around to Mommer's place; sing up the hatch, ' E. Mommer & Co.' The elevator comes down with a man on it; takes the case; I helped put it on the elevator; takes the case and book upstairs; leaves the case there, and comes down with the book; I drive away. I do not know Augustus Mahler. Q. Do you know the elevator man down there ? A. Well, now, I couldn't tell; sometimes there is one man on an elevator, and the next time you go there is another man — in all buildings as a general thing; elevator man may be off; may be called away; you sing out, and somebody who is in the habit of running it will come down and take up your goods. Q. You have already testified this morning to the delivery of some goods on April 29th, and I ask you whether those goods of April 3d were delivered by you in the same way as such goods testified about this morning ? A. Yes, sir; I have never had a receipt signed at the, door in Mommer's place. The book has always went up. Q. Always went up, and came back again signed ? A. Yes, sir. Q. Have you frequently delivered goods to Mommer ? A. Quite often. Q. Know the place well? A. Yes, sir; know the place well."

Plaintiffs put said receipt in evidence as Exhibit N as follows, the italics signifying the writing on a printed form:

" NEW YORK, *April 3d,* 1891.

" Received from *Ch. P. Boell,* in good order, marked *Mess. E. Mommer & Co.,* 96 *Grand street,* the following packages, *One* (1) *Case No.* 242. Delivered by *Campbell.* Signed *X.*"

The signature, so-called, which was subscribed to the receipt on the book while it was upstairs was not intelligible, and neither counsel was able to make it out. But as the truckman had concededly made deliveries for the plaintiffs before to these defendants in the same way, we think that, in the absence of evidence on their part that the goods in controversy did not come into their possession, the plaintiffs were at least entitled to have the jury say whether they were in fact delivered.

The judgment should be reversed and new trial ordered, with costs to the appellants to abide the event.

FOLLETT, J., concurred; VAN BRUNT, P. J., dissented.

Judgment reversed, new trial ordered, costs to appellants to abide event.